Now before the Court, en banc, is the Motion to Extend Stay of Post-Conviction Proceedings filed by Petitioner and the Response filed by Respondent. Petitioner asks that consideration of his Petition for Post-Conviction Relief be stayed until the Court issues its decision on Petitioner's direct appeal in light of Flowers v. Mississippi , 578 U.S. ----, 136 S.Ct. 2157, 195 L.Ed.2d 817 (Mem.) (2016). After due consideration, the Court finds that the Motion to Extend Stay of Post-Conviction Proceedings is well taken and should be granted.
IT IS THEREFORE ORDERED that the Motion to Extend Stay of Post-Conviction Proceedings filed by Petitioner is granted. Proceedings in Petitioner's post-conviction case are stayed until this Court issues its decision on Petitioner's direct appeal.
SO ORDERED
/s/ Josiah Dennis Coleman
JOSIAH DENNIS COLEMAN, JUSTICE FOR THE COURT
TO GRANT: WALLER, C.J., DICKINSON AND RANDOLPH, P.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ.
RANDOLPH, P.J., CONCURS WITH SEPARATE WRITTEN STATEMENT.
*847 ¶ 1. I offer no objection to this Court's order granting Curtis Giovanni Flowers's Motion to Extend Stay of Post-Conviction Proceedings. With all due respect, I write separately because I am uncertain that all of the justices of the U.S. Supreme Court fully appreciate how Mississippi and this state's Supreme Court administer and adjudicate post-conviction relief (PCR) proceedings. The Mississippi Uniform Post-Conviction Collateral Relief Act ( Miss. Code Ann. §§ 99-39-1 to 99-39-119 (Rev. 2015)) and Mississippi Rule of Appellate Procedure 22 are more generous in many ways than the Act's federal counterpart, the Antiterrorism and Effective Death Penalty Act (AEDPA) ( 28 U.S.C.A. § 2244 ).
¶ 2. In Flowers v. Mississippi , 578 U.S. ----, 136 S.Ct. 2157, 195 L.Ed.2d 817 (2016), the U.S. Supreme Court granted Flowers's petition for certiorari in his direct appeal, vacated this Court's well-reasoned judgment, and remanded his case with instructions to further consider Flowers's Batson[1] claims in light of Foster v. Chatman , 578 U.S. ----, 136 S.Ct. 1737, 1742, 195 L.Ed.2d 1 (2016). Flowers , 578 U.S. ----, 136 S.Ct. 2157. In my humble opinion, Flowers's petition was not ripe for review for a putative Foster violation. Foster was based on case-specific factors that are not present in Flowers's direct appeal, although those factors might be developed in his PCR action which is being delayed by their decision. I agree with Justices Alito and Thomas who stated that the Supreme Court "misuse[d] the GVR[2] vehicle" in this case. Flowers , 136 S.Ct. at 2158. "Our decision in Foster postdated the decision of the Supreme Court of Mississippi in the present case, but Foster did not change or clarify the Batson rule in any way." Flowers , 136 S.Ct. at 2158.
¶ 3. In its one-paragraph opinion, the U.S. Supreme Court failed to identify a "compelling reason" why certiorari was granted. The U.S. Supreme Court failed to identify any error by this Court in vacating this Court's decision in Flowers v. State , 158 So.3d 1009, 1057-58 (Miss. 2014), reh'g denied (Mar. 26, 2015), cert. granted, judgment vacated , --- U.S. ----, 136 S.Ct. 2157, 195 L.Ed.2d 817 (2016). Finally, the U.S. Supreme Court failed to identify a single conflict with a prior decision by either the U.S. Supreme Court or this Court of last resort, and/or any "erroneous factual findings or ... misapplication of a properly stated rule of law" by *848 this Court. See Sup. Ct. R. 10.[3] Every member of this Court has fully studied and considered the record presented in Flowers's direct appeal, and the majority of this Court found insufficient grounds to overturn the learned trial judge's findings that the contested strikes were not the result of purposeful discrimination. Flowers , 158 So.3d at 1057-58.
¶ 4. The Supreme Court's directive in Flowers v. Mississippi injects an unnecessary delay in Flowers's attempt to advance his PCR claims and leaves the proverbial Sword of Damocles dangling over his head. The U.S. Supreme Court should not require this Court to cast aside Mississippi's statutory scheme or carve out an exception for Flowers. The U.S. Supreme Court's command to review in light of Foster reveals a lack of appreciation of how the Mississippi Legislature has established protections, enforced regularly by this Court, for persons under the sentence of death. Under our body of law, it is inappropriate to consider evidence outside the record on a direct appeal. This Court is limited to the record presented on direct appeal. The record evidence which was before this Court on Flowers's direct appeal did not include any prosecutorial notes, as were produced in Foster . Such notes allowed Foster to factually demonstrate purposeful discrimination.[4] Flowers offered no prosecutorial notes or any other evidence of purposeful discrimination during his direct appeal, but Flowers is not foreclosed from acquiring evidence and providing proof of purposeful discrimination in his PCR.
¶ 5. In the absence of identifying any error that would call for a reversal and vacation of our judgment of his direct appeal, the most direct path for Flowers to be afforded relief is for his direct appeal to be completed, so that he may proceed with discovery for Foster evidence through his PCR. Should he establish such evidence demonstrating purposeful discrimination, he would be entitled to relief. However, he cannot get to that phase until this direct appeal is concluded.
¶ 6. Everyone on this Court understands his or duties, responsibilities, and obligations. In the absence of a justice on this Court desiring to change his or her vote, I would enter an order post haste that this Court stands by its judgment in Flowers v. State . I also would ask the U.S. Supreme Court to consider recalling its opinion, as *849 Foster did not change any law, as recognized in the dissent to the opinion. See Flowers v. Mississippi , 136 S.Ct. at 2158 (Alito, J., dissenting).

Batson v. Kentucky , 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

"This Court often 'GVRs' a case-that is, grants the petition for a writ of certiorari, vacates the decision below, and remands for reconsideration by the lower court-when we believe that the lower court should give further thought to its decision in light of an opinion of this Court that (1) came after the decision under review and (2) changed or clarified the governing legal principles in a way that could possibly alter the decision of the lower court."
Flowers v. Mississippi , 578 U.S. ----, 136 S.Ct. 2157, 195 L.Ed.2d 817 (2016) (Alito, J., dissenting).

Rule 10 of the Rules of the Supreme Court of the United States reads in pertinent part:
Review on a writ of certiorari is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only for compelling reasons . The following, although neither controlling nor fully measuring the Court's discretion, indicate the character of the reasons the Court considers:
...
(b) a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals;
(c) a state court or a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court.
A petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law.
Sup. Ct. R. 10 (emphasis added).

"To satisfy Batson , '[t]he trial court must ... determine whether the objecting party has met their burden to prove there has been purposeful discrimination in the exercise of peremptory challenges.' " Booker v. State , 5 So.3d 356, 358-59 (Miss. 2008) (quoting Carter v. State , 799 So.2d 40, 46 (Miss. 2001) and Stewart v. State , 662 So.2d 552, 557-58 (Miss.1995) ) (emphasis added).